IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

KIPPER MOUNT,                          )
                                       )
                      Plaintiff,       )
                                       )
          v.                           )          Case No. 08-1097-WEB
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of                        )
Social Security,                       )
                                       )
                      Defendant.       )

ORDER

        This is an action reviewing the final decision of the Commissioner of Social Security

denying the plaintiff disability insurance benefits and supplemental security income payments.

The matter was referred to Magistrate Judge Bostwick for a recommendation and report pursuant

to Rule 72 (b), Federal Rules of Civil Procedure.  The Recommendation and Report was filed on

March 10, 2009.  Neither party has filed objections to the Recommendation and Report.

        I.  History

        On August 29, 2007, the administrative law judge (ALJ) issued a decision in which he

concluded the plaintiff's impairments do not meet or equal a listed impairment to render him

disabled.  The ALJ found that the plaintiff could perform jobs that exist in the national economy.

Therefore, the ALJ concluded the plaintiff was not disabled.

        The Report filed by the Magistrate Judge found the ALJ did not err in finding that

plaintiff's impairments did not meet or equal listed impairments.  The Report found the ALJ did

err in failing to consider the opinion of Dr. Stern, and failure to give substantial weight to the

1

opinions of Dr. Wallace was not supported by the record.  The ALJ also erred in his credibility analysis, as his findings are not supported by the record.  The Magistrate Judge recommends remand for the ALJ to take into consideration the opinions of Dr. Stern and Dr. Wallace, and complete a new analysis of the plaintiff's credibility.

II.  Standard of Review

The district court reviews the magistrate's report under a de novo standard of review. Fed.R.Civ.P. Rule 72(b), 28 U.S.C. § 636(b)(1).  The court has considerable discretion in choosing what reliance to place on the magistrate's findings and recommendations.  The district court can follow or ignore the magistrate's recommendation, but it should make an independent determination of the issues.  *Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991).  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. 636(b)(1).

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Hackett v. Barnhart,* 395 F.3d 1168, 1172 (10th Cir. 2005).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  It requires more than a scintilla, but less than a preponderance.  *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004).

III.  Discussion

The magistrate judge found the ALJ erred when he failed to consider every medical opinion in the record.  The ALJ must explain the weight given to medical opinions, and the finding must be supported by substantial evidence.  The magistrate judge found the case should

be remanded to consider the medical opinion evidence.  The ALJ must evaluate every medical opinion in the record.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must also explain in the decision the weight given to medical opinions. See SSR 96-6P, 1996 WL 374180.  On remand, the ALJ should discuss the finding of Dr. Stern as well Dr. Wallace in determining the plaintiff's mental limitations, and explain the weight given to each opinion

The magistrate judge found the ALJ erred in his credibility analysis of the plaintiff.  The magistrate judge found the ALJ erred in the weight he applied to the performance of daily tasks, and the failure of the ALJ to consider the fact that the plaintiff was living in an assisted living facility.   The magistrate judge recommended the decision of the Commissioner be reversed, and that the case be remanded.  The ALJ is required to make specific findings supporting his credibility findings.  *Elzey v. Chater*, 1995 WL 646800 (D. Kan. 1995).  The ALJ should consider the plainitff's daily activities, as well as the plaintiff's living situation in his credibility determination.

IV.  Conclusion

The decision of the Commissioner is reversed and remanded.  On remand, the ALJ should discuss the finding of Dr. Stern as well as Dr. Wallace in determining the plaintiff's mental limitations, and explain the weight given to each opinion. The ALJ should also reexamine the credibility of the plaintiff.

IT IS ORDERED that the Recommendation and Report of Magistrate Judge Bostwick (Doc. 17) be adopted by this Court; and

IT IS FURTHER ORDERED that the decision of the Commissioner be REVERSED, and this case be remanded (sentence four remand) to the Commissioner, with directions to conduct

further proceedings in accordance with the standards set out in the Report.

SO ORDERED this 14th day of May, 2009.

_____s /Wesley E. Brown_____
Wesley E. Brown
U.S. Senior District Judge

4